IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BELLSOUTH TELECOMMUNICATIONS, LLC**                                       **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:15cv176-MTP**

**EUTAW CONSTRUCTION COMPANY, INC, et al.**                                 **DEFENDANTS**

**v.**

**CITY OF JACKSON**                                                **THIRD PARTY DEFENDANT**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motions to Dismiss and for Stay [117] [148] filed by the Third-Party Defendant City of Jackson. The Court having carefully considered the motion, the submissions of the parties, and the applicable law, finds that both motions should be DENIED.

## BACKGROUND

This action arises from a construction project that took place on Capitol Street in Jackson, Mississippi. The City of Jackson ("the City") awarded a large-scale project to Defendant Eutaw Construction Company, Inc., ("Eutaw") aimed towards converting the one-way streets in downtown Jackson into two-way streets. The project necessitated the excavation of various streets and sidewalks. During the course of the project, Eutaw hired Co-Defendant Cor-Bits, Inc., ("Cor-Bits") as a subcontractor. On or about July 24, 2013, Cor-Bits was excavating an area near the intersection of East Capitol Street and South Lamar Street when it hit and damaged several transmission lines belonging to the Plaintiff, Bellsouth Communications, LLC ("Bellsouth"). *See* Complaint [1] at 2-3.

On March 10, 2015, Bellsouth filed its complaint against Defendants Eutaw and Cor-Bits, alleging, *inter alia*, claims of negligence, negligent hiring, and negligent supervision resulting in

1

damage to the transmission lines. *See generally* Complaint [1]. On May 7, 2015, Eutaw filed a third-party complaint against the City, asserting a claim of indemnity for breach of contract. *See* Third-Party Complaint [8]. Specifically, Eutaw alleges that the City was obligated under contract to provide it with sufficient information regarding the placement and depth of the underground utilities in downtown Jackson, and failed to do so by providing Eutaw with incorrect information. *See id.* at 4-5. In support of this argument, Eutaw submits a "Utility Status" report prepared by the City that reads in pertinent part: "[A]ll underground and/or fiber optic lines relocations are at a sufficient depth to not impact the construction of the Capitol Street Phase I Improvements." *See* Utility Status Report [129-1].

In its answer, the City denied Eutaw's allegation that it failed to provide adequate information concerning the location of the transmission lines. The City also raised several affirmative defenses, including Eutaw's failure to comply with the ninety-day notice requirement of Section 11-46-11 of the Mississippi Tort Claims Act ("MTCA"). *See* Answer [11] at 4.[1]

On April 20, 2016, the City filed a motion to dismiss and for a stay, arguing that Eutaw's third–party complaint should be dismissed due to its failure to meet the notice requirements of the MTCA, and because the third-party complaint violates the one-year statute of limitations set forth by the MTCA. The City further requests a stay of the instant action until this threshold issue is resolved. *See* Motion to Dismiss and for Stay [117]; Memorandum in Support [118]. Because the City filed its motion before the filing of Eutaw's second complaint, the City re-filed the motion on

---

[1] Eutaw filed a amended third-party complaint on April 29, 2016, which is nearly identical to the first. *See* Third-Party Complaint [129]. The City's answer to the amended third-party complaint is likewise nearly identical to the first. *See* Answer [145].

May 23, 2016. *See* Second Motion to Dismiss [148].

Eutaw, Cor-Bits, and Bellsouth have filed responses, and the City has filled a reply. *See* Responses [130] [132]; Reply [137].  The Court finds that the issues have been fully briefed and the motion is ready for disposition.

## **STANDARD**

Although the City's motion is titled as a motion to dismiss, the motion should be considered as a motion for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), as responsive pleadings have been filed.[2] *See Young v. City of Houston*, 599 Fed. App'x 553, 554 (5th Cir. 2015). Judgment on the pleadings pursuant to Rule 12(c) is appropriate when the facts are undisputed and only questions of law remain. *See Voest-Apline Trading Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock, Co*., 624 F.3d 201, 209-10 (5th Cir. 2010). A court considering a motion to dismiss is limited to a consideration of the matters contained in the pleadings. *Kane v. Enterprises v. MacGregor, Inc*., 322 F.3d 371, 374 (5th Cir. 2003). The court must determine whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate only "if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

---

[2] *See* Answers [11] and [145].

## **ANALYSIS**

*I.     Motion to Dismiss*

The City argues that Eutaw has failed to comply with certain requirements of the MTCA. Specifically, the City asserts that Eutaw failed to provide the City with notice of its claims prior to filing suit.  See Miss. Code § 11-46-11(1)-2. ("[A]t least ninety days before filing suit, the person must file notice of claim . . .[s]ervice of notice of claim shall be made . . . .").  The City also argues that Eutaw failed to assert its claim within the one-year statute of limitations provided by the MTCA. *See* Miss. Code § 11-46-11(3)(a) (holding that all actions brought under the MTCA "shall be commenced within one (1) year after the date of the alleged tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based.").

Neither party appears to question the applicability of the MTCA to Eutaw's claim against the City, but the Court finds that the resolution of this issue is necessary in order to assess the parties' respective arguments. As the name implies, the MTCA concerns tort claims alleged against state and local governmental entities and does not control "pure contract actions." *See City of Grenada v. Whitten Aviation, Inc.*, 755 So. 2d 1208, 1213 (Miss. Ct. App. 1999).  While Plaintiff Bellsouth initiated this suit against Defendants Eutaw and Cor-Bits based on alleged tortious conduct, Eutaw's cause of action against the City is framed as a claim for breach of contract. *See* Third-Party Complaint [129] at 5.

Although the Court has not been provided with a copy of the contract between Eutaw and the City,  Eutaw asserts that the contract required the City to provide it with "the documents and information necessary to execute construction of the Project in a good and workmanlike manner and free from all defects." *See* Third-Party Complaint [129] at 5. According to Eutaw, these documents

4

and information include "construction drawings, plans, or documents to show that the depths of [Bellsouth's] underground telecommunications facilities were such that they would be negatively impacted by the Project." *Id.* The City breached the contract, Eutaw argues, by misrepresenting the depth of Bellsouth's transmission lines via the "Utility Status" report it provided to Eutaw.

Claims for tortious breach of contract and for breach of an implied contract provision are covered by the MTCA. *See City of Grenada*, 755 So. 2d at 1213 (holding that the MTCA applies to a tortious breach of contract claim); *Simpson v. Alcorn State Univ.*, 27 F. Supp. 3d 711, 719-20 (S.D. Miss. 2014) (citing *City of Jackson v. Estate of Stewart*, 908 So .2d 703, 711 (Miss. 2005) (holding that the MTCA applies to actions alleging a breach of an implied contract provision). Actions for breach of the express terms of a contract, however, do not fall under the purview of the MTCA. *Id.*

Eutaw's third-party complaint indicates that the City's duty to provide all documents and information necessary to execute the Capitol Street project was an express term of the contract, and there is nothing in the City's submissions or the remainder of the record demonstrating otherwise. As outlined above, the Court does not have the benefit of the actual contract between Eutaw and the City. Moreover, Eutaw does not allege that the City's breach of its contract was tortious.

A movant under 12(b)(6) must establish that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 72 (1984). The City has failed to carry its burden here. While further inquiry and additional motion practice might yield a different result, at this juncture, the pleadings reflect that Eutaw has brought an express breach of contract claim against the City. This claim is not subject to the requirements of the MTCA. Accordingly, the City's motion to dismiss will be denied.

II.     *Request for Stay*

Because the Court finds that Eutaw's third-party complaint against the City of Jackson should be denied, the request for a stay is moot and will be denied as such.

IT IS, THEREFORE, ORDERED that:

1.      The Motion to Dismiss [117] is DENIED at moot; and

2.      The Motion to Dismiss [148] is DENIED.

SO ORDERED this the 8th day of June, 2016.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge